UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 15-13451-GAO

LULJETA CINGO,
Plaintiff,

v.

TEAMSTERS LOCAL UNION NO. 25,
Defendant.

ORDER
March 4, 2016

O'TOOLE, D.J.

The plaintiff, Luljeta Cingo, acting pro se, filed this suit against the defendant, Teamsters Local Union No. 25 (the "Union"). According to the Complaint, the plaintiff is a former employee of the Massachusetts Port Authority ("Massport"). Though not clearly articulated in the Complaint, the plaintiff raises several issues concerning the Union's relationship with the plaintiff at Massport. The defendant moves to dismiss the case for lack of a federal question.[1] See 28 U.S.C. § 1331; Fed. R. Civ. Pro. 12(b)(1).

The Labor Management Relations Act ("LMRA") provides for a private right of action by employees against labor organizations in certain circumstances. See 29 U.S.C. § 185; Chaparro-Febus v. Int'l Longshoremen Ass'n, Local 1575, 983 F.2d 325, 330 (1st Cir. 1992). "Labor organization" is a term of art in the statute, defined as

---

[1] Both the plaintiff and the Union appear to be residents of Massachusetts, denying this Court diversity jurisdiction. See 28 U.S.C. 1332(a).

>any organization of any kind, or any agency or employee representation committee or plan, in which employees participate and which exists for the purpose, in whole or in part, of dealing with employers concerning grievances, labor disputes, wages, rates of pay, hours of employment, or conditions of work.

29 U.S.C § 152(5). "Employee" and "employer" are also defined terms. The term "employee" "shall not include any individual employed . . . by any other person who is not an employer as herein defined." Id. § 152(3). Thus, whether or not a person is an employee or an entity is a labor organization under the LMRA depends on whether the purported employer is an "employer" as that term is defined in the statute.

The term "employer" is defined broadly by the statute, but excluded from the definition are "the United States or any wholly owned Government corporation, or any Federal Reserve Bank, or *any State or political subdivision thereof*." Id. § 152(2) (emphasis added). Massport is indisputably a political subdivision of the Commonwealth of Massachusetts. See New Eng. Reg'l Council of Carpenters v. Kinton, 284 F.3d 9, 14 (1st Cir. 2002) (describing Massport as "an instrumentality of the Commonwealth of Massachusetts"); see also Interface Grp., Inc. v. Mass. Port Auth., 816 F.2d 9, 12 (1st Cir. 1987) (describing Massport as "a public rather than a private body"). It was created by a Massachusetts statute, and it is run by persons ultimately appointed by elected officials. See M.G.L. ch. 91 App., § 1-2; Chaparro-Febus, 983 F.2d at 329 (defining "political subdivisions" as entities either created by statute or run by individuals responsible to elected officials). Thus, because it is excluded from the statutory definition, Massport is not an "employer" for the purposes of the LMRA.

Because Massport is not an employer, it necessarily follows that the plaintiff is not an employee and the defendant is not a labor organization under the LMRA. State law governs labor disputes at public institutions such as Massport. See M.G.L. ch. 150A. Without any other basis for subject matter jurisdiction, this case must be dismissed.

The defendant's Motion to Dismiss (dkt. no. 5) is GRANTED. The case is DISMISSED.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge